IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHONDA DEE WALTER, | : | Civil Action |
| | : | No. 1:09-CV-2465 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| | : | |
| v. | : | |
| | : | |
| JEFFREY BEARD, Commissioner, | : | THIS IS A CAPITAL CASE |
| Pennsylvania Department of | : | |
| Corrections; MARIROSA LAMAS, | : | |
| Superintendent of the State | : | |
| Correctional Institution at Muncy; | : | |
| FRANKLIN J. TENNIS, | : | |
| Superintendent of the State | : | |
| Correctional Institution at Rockview, | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

Presently before the Court is Petitioner Shonda Dee Walter's motion for leave to proceed *in forma pauperis* and for appointment of federal habeas corpus counsel. (Doc. 1.) For the reasons set forth below, the motion (Doc. 1) will be granted.

**I.     Background**

Petitioner is a state prisoner who has been sentenced to death following her 2005 convictions for first-degree murder and felony theft in the Court of Common Pleas of Clinton County. The Pennsylvania Supreme Court affirmed Petitioner's convictions and death sentence. *Commonwealth v. Walter*, 966 A.2d 560 (Pa. 2009),

reargument denied, No. 479 CAP (March 20, 2009). Petitioner's timely petition for writ of certiorari was denied. *Walter v. Pennsylvania*, 175 L. Ed. 2d 522, 2009 U.S. Lexis 8645, No. 09-6518, WL 2969899 (U.S. November 30, 2009).

To date, Petitioner has not filed a petition for collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541 *et seq*. However, the Offices of the Federal Community Defender for the Eastern District of Pennsylvania and the Federal Public Defender for the Middle District of Pennsylvania, Capital Habeas Units have filed the instant motion seeking a grant to proceed *in forma pauperis* and the appointment of counsel for the filing of a federal habeas corpus petition.

## II. Discussion

Petitioner wishes to file a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of her convictions and sentence. Consequently, Petitioner is seeking appointment of counsel pursuant to *McFarland v. Scott*, 512 U.S. 849 (1994) and 18 U.S.C. § 3599(a)(2) (formerly 21 U.S.C. § 848(q)(4)(B)). Section 3599(a)(2), 18 U.S.C. provides, in relevant part,

> In any post conviction proceeding under section 2254 or 2255 of Title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b)

through (f) [(relating to conditions of appointment)].

In *McFarland*, the United States Supreme Court construed this statutory right to counsel to include the right to legal counsel prior to the filing of a formal federal habeas corpus petition and held that "a 'post conviction proceeding' within the meaning of [§ 3599(a)(2)] is commenced by the filing of a death row defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding." *McFarland*, 512 U.S. at 856-57. Accordingly, once an indigent capital defendant files a motion requesting appointment of counsel, as petitioner has done in this case, she is granted "a mandatory right to qualified legal counsel." *Id*. at 854. This right to counsel "necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." *Id*. at 858. The Supreme Court cautioned that "[w]here this opportunity is not afforded, '[a]pproving the execution of a defendant before his [petition] is decided on the merits would clearly be improper.'" *Id*. (quoting *Barefoot v. Estelle*, 463 U.S. 880, 889 (1983).

Respondents rely on Harbison v. Bell, 129 S.Ct. 1481, 173 L.Ed.2d 347, (2009) to support their opposition to appointment of counsel. In Harbison, the Supreme Court addressed whether § 3599(e)'s appointment of federal counsel's representation extended to state clemency proceedings. The instant case is dealing with appointment of counsel for federal habeas corpus relief, not state clemency proceedings.

Therefore, Respondent's reliance on Harbison is misplaced.

Furthermore, Petitioner's motion seeks grant of *in forma pauperis* status and appointment of federal counsel and involves no issues on which the state Respondent has standing. See [Death Row Prisoners of Pennsylvania v. Ridge, 948 F.Supp 1278 n.2 (E.D. Pa. 1996)](#)[1].

An appropriate order will issue.

                                                **BY THE COURT:**

                                                **S/ Yvette Kane**
                                                **CHIEF JUDGE YVETTE KANE**
                                                **United States District Court**

Dated: March 15, 2010.

---

[1] noting that Defendants [Respondents] "lack of standing to object to the appointment of counsel. That is a matter between Plaintiffs, the Court and their prospective lawyers. As to that, the Defendants are strangers, and indeed, it is inappropriate for them to seek to stand in the way of that appointment. Further, since any lawyers who might be appointed to represent Plaintiffs would be paid for out of the coffers of the United States of America, and would in no way partake of the public fisc of the Commonwealth of Pennsylvania, there is no economic standing either." *Id. At 1279*.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHONDA DEE WALTER,** | : | Civil Action |
| | : | No. 1:09-CV-2465 |
| **Petitioner,** | : | |
| | : | (Chief Judge Kane) |
| | : | |
| v. | : | |
| | : | |
| **JEFFREY BEARD, Commissioner,** | : | **THIS IS A CAPITAL CASE** |
| **Pennsylvania Department of** | : | |
| **Corrections; MARIROSA LAMAS,** | : | |
| **Superintendent of the State** | : | |
| **Correctional Institution at Muncy;** | : | |
| **FRANKLIN J. TENNIS,** | : | |
| **Superintendent of the State** | : | |
| **Correctional Institution at Rockview,** | : | |
| | : | |
| **Respondents** | : | |

## ORDER

**AND NOW**, to wit, this 15th day of March, 2010, upon consideration of Petitioner's motion for leave to proceed *in forma pauperis* and request for appointment of counsel (Doc. 1), it is hereby **ORDERED** that:

1. Petitioner's motion for *in forma pauperis* status (Doc. 1) is **GRANTED**; and,

2. Petitioner's request for appointment of counsel (Doc. 1) is **GRANTED** and the Offices of the Federal Community Defender for the Eastern District of Pennsylvania and the Federal Public Defender for the Middle

District of Pennsylvania, Capital Habeas Units are hereby appointed as federal habeas corpus counsel to represent Petitioner in this proceeding pursuant to 18 U.S.C. § 3599(a)(2).

It is further **ORDERED** that the parties shall comply with the following Schedule for the remainder of this proceeding:

## FILING OF THE PETITION

1. **Habeas Corpus Petition.** Petitioner shall file her Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 on or before **August 19, 2010**. Petitioner shall file a supporting Memorandum of Law no later than sixty (60) days after the date of the filing of the Petition. A courtesy copy shall be submitted to the Court. Each claim for relief must be numbered separately and must include the following information:

   a) The specific provision(s) of the United States Constitution upon which Petitioner relies as a basis for relief;

   b) Whether the claim has been exhausted in the state courts, with specific citation to the state court record;

   c) Whether the claim is procedurally defaulted;

   d) Whether Petitioner seeks an evidentiary hearing regarding the claim and, if so, whether such a hearing is permitted under 28 U.S.C. § 2254(e)(2);

   e) Whether federal review of the claim is governed by the standard of review in 28 U.S.C. § 2254(d);

f) Whether federal review of the claim is barred under the decision of the United States Supreme Court in Teague v. Lane, 489 U.S. 288 (1989); and

g) A discussion of the merits of the claim.

2. **Answer/Response.** Respondents shall file an Answer/Response to the Petition and Memorandum of Law within sixty (60) days of service of Petitioner's supporting Memorandum of Law, which shall respond to each claim for relief, using the same claim number and in the same order as each claim raised by Petitioner. A courtesy copy shall be submitted to the Court. The Answer/Response shall include the following information:

a) Whether the claim has been exhausted in the state courts;

b) Whether the claim is procedurally defaulted;

c) Whether the claim is barred by the statute of limitations under 28 U.S.C. § 2244(d);

d) If Petitioner seeks an evidentiary hearing, whether such a hearing is barred under 28 U.S.C. § 2254(e)(2);

e) Whether federal review of the claim is governed by the standard of review in 28 U.S.C. § 2254(d);

f) Whether federal review of the claim is barred under the decision of the United States Supreme Court in Teague v. Lane, 489 U.S. 288 (1989); and

g) A discussion of the merits of the claim.

3. **Reply.** Petitioner may file a Reply within twenty-one (21) days of service of Respondents' response to the Petition. A courtesy copy shall be submitted to the Court. The Reply should be limited to those issues not previously addressed in the original Petition and Memorandum of Law.

**STATUS CONFERENCE / STATUS REPORT**

4. **Status Conference/Status Report.** At the Court's discretion, or upon request of the parties, the Court will hold a status conference or request a status report. The parties shall be prepared to discuss the status of any pending state court proceedings and other preliminary matters such as potential motions for dismissal and/or stay and abeyance. This first Status Report regarding the status of related state court proceedings shall be filed by Petitioner on or before **July 19, 2010**.

**OTHER MATTERS**

5. **Extensions.** Extensions to the dates set forth in this Scheduling Order will not be granted, except for good cause shown by the requesting party. Any request for an extension shall be set forth in writing, include a certificate of concurrence/concurrence from opposing counsel and be

accompanied by a proposed order.

6. **Rules Governing Proceedings.** In addition to the requirements set forth in this Scheduling Order, this proceeding will be governed by 28 U.S.C. § 2254, the Rules Governing Habeas Corpus Cases Under 2254, and the Local Rules of the Middle District of Pennsylvania.

**BY THE COURT:**

**S/ Yvette Kane            CHIEF JUDGE YVETTE KANE**
**United States District Court**

Dated: March 15, 2010.