IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHONDA DEE WALTER, | : | Civil Action |
| | : | No. 1:09-CV-2465 |
| Petitioner | : | (Chief Judge Kane) |
| | : | |
| v. | : | |
| | : | |
| JEFFREY BEARD, Commissioner, | : | THIS IS A CAPITAL CASE |
| Pennsylvania Department of | : | |
| Corrections; MARIROSA LAMAS, | : | |
| Superintendent of the State | : | |
| Correctional Institution at Muncy; | : | |
| FRANKLIN J. TENNIS, | : | |
| Superintendent of the State | : | |
| Correctional Institution at Rockview, | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

I.   INTRODUCTION

Petitioner Shonda Dee Walter ("Walter"), currently confined under a death sentence at Pennsylvania State Correctional Institution at Muncy, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Walter, believing she has remedies available to her under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541 et seq., has motioned this Court for a stay of proceedings so she can return to state court to exhaust her claims.  The Commonwealth Respondents oppose this motion, arguing the proper procedure in this case is to dismiss the petition.  For the reasons stated more fully herein, the Court will deny Petitioner's motion for a stay and dismiss the petition.

II.   FACTS AND PROCEDURAL HISTORY

On April 19, 2005, Walter was found guilty of murder and related counts and was sentenced to death and a concurrent prison term by the Court of Common Pleas of Clinton

County. Commonwealth v. Walter, No. 179-03 (Clinton County, Crim. Div.). The charges arose from the 2003 murder of James Sementelli in his Lock Haven home. Walter's conviction and sentence of death were affirmed on March 20, 2009. Commonwealth v. Walter, 966 A.2d 560 (Pa. 2009). She filed a timely petition for certiorari review which was denied on November 30, 2009. Walter v. Pennsylvania, 130 S. Ct. 743 (2009).

Prior to commencing her state post-conviction proceedings, Walter then filed a motion with this Court for leave to proceed in forma pauperis and for appointment of federal habeas corpus counsel on December 15, 2009. (Doc. No. 1.) On March 15, 2010, this Court issued a memorandum and order granting Walter's motion and setting a schedule for this case. (Doc. No. 7.) For the first time, on March 19, 2010, Walter filed a pro se petition for PCRA relief in the Common Pleas Court of Clinton County. On March 4, 2011, after several extensions of time, Walter filed a motion to correct the caption (Doc. No. 16); a motion to exceed the page limitation in accordance with Local Rule 83.32.2(D) (Doc. No. 17); and her petition for writ of habeas corpus (Doc. No. 18). Walter also filed a motion to stay the federal proceedings to permit her time to exhaust her claims in state court. (Doc. No. 19.) Walter's supporting brief readily admits that she must return to the state court to exhaust her claims or waive them. (Doc. No. 20.) Walter claims that dismissal would jeopardize the timeliness of a collateral attack on her federal claims and therefore requests a stay. (Id.)

### III.  DISCUSSION

####   A.  Statutory Framework

A district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he

is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the very fact or duration of his or her confinement. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).

A petitioner filing for relief under the federal Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), must generally comply with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A), before a federal court can consider the merits of his habeas corpus petition. Pursuant to § 2254(b)(1)(A), the petitioner must give the state courts an opportunity to review her allegations of error before seeking relief in federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); see also Rose v. Lundy, 455 U.S. 509, 518-19 (1982) (finding that before a federal court can adjudicate claims under habeas corpus, interests of comity and federalism dictate that the state courts must have the first opportunity to decide a petitioner's claims).

The AEDPA also establishes a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1); Wilson v. Beard, 426 F.3d 653, 659 (3d Cir. 2005). This one-year period runs from the date on which the judgment became final by the conclusion of direct review or when the time for seeking certiorari review expires. 28 U.S.C. § 2244(d)(1)(A); Clay v. United States, 537 U.S. 522, 525 (2003). The one-year limitations period is tolled, however, while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2); see also Pace v. DiGuglielmo, 544 U.S. 408 (2005).

Under Pennsylvania's Post Conviction Relief Act, a petitioner must file for PCRA relief within one year of the date the judgment becomes final. 42 Pa. Cons. Stat. § 9545(b)(1). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review, including discretionary review in the United States Supreme Court and the Pennsylvania Supreme Court, or at the expiration of time for seeking such review. Id. § 9545(b)(3).

### B. Walter's Petition

In the instant case, Walter filed her federal habeas petition prior to seeking any state post-conviction relief. Accordingly, Walter argues a stay should be entered in this case so she may exhaust her state claims without risk of the statute of limitations running on her federal claims. See Heleva v. Brooks, 581 F.3d 187 (3d Cir. 2009) (permitting stays of AEDPA petitions presenting unexhausted claims). Although courts have routinely entered stays to permit petitioners to exhaust state post-conviction proceedings, the Supreme Court has recognized that:

> Stay and abeyance, if employed too frequently, has the potential to undermine [the AEDPA's] purpose. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

Rhines v. Weber, 544 U.S. 269, 277 (2005). Accordingly, stays of federal habeas petitions pending the exhaustion of state remedies are available only where: (1) the petitioner has shown good cause for failing to exhaust his claims first in state court; (2) his unexhausted claims are potentially meritorious; and (3) the petitioner has not engaged in intentionally dilatory litigation tactics. Rhines, 544 U.S. at 277-278; Heleva, 581 F.3d at 190.

Unlike Rhines and Heleva, in the case at bar, there is little concern that declining to enter

a stay in this matter will in any way prejudice Walter's ability to seek federal habeas relief.  The statute of limitations on Walter's federal and state post-conviction proceedings began to run on November 30, 2009.  On March 19, 2010, just 109 days later, Walter filed a pro se petition for PCRA relief in the Court of Common Pleas, Clinton County, Pennsylvania.  This petition tolled the one-year limitation period for Walter's AEDPA claims.  28 U.S.C. § 2244(d)(2).  Therefore, once Walter exhausts her claims through the PCRA process, she will have 256 days remaining on her one-year limitation period in which to file a timely habeas petition.  Because there is no real danger that failing to stay the proceedings on Walter's federal petition will result in her federal claims becoming time barred, entering a stay in this matter is not warranted.  See, e.g., Cummings v. Beard, No. 09-cv-4033, 2011 U.S. Dist. LEXIS 7638, at *2-3 n.1 (E.D. Pa. Jan. 25, 2011) (concluding that where petitioner would have 248 days to file a timely habeas petition a stay under Rhines or Heleva was not warranted).

### IV.    CONCLUSION

Because Walter will have ample time to return to this Court after she exhausts her state collateral claims, she has failed to satisfy the good cause requirement under Rhines.  Finding that Walter has failed to show good cause for the stay and abeyance as delineated in Rhine, Walter's motion for a stay (Doc. No. 19) will be denied.  Walter's petition for writ of habeas corpus will be dismissed without prejudice.  Because Walter's case will be dismissed, her motion to amend or correct the caption (Doc. No. 16) will be deemed moot.  If Walter returns to this Court, she will have the opportunity to identify the respondents that are in office at that time.  Further, because Walter's petition will be dismissed, her motion to exceed the page limitation (Doc. No.

17) will be deemed moot. A certificate of appealability will be denied.[1] An order consistent with this memorandum follows.

---

[1] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A habeas petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000); Lambert v. Blackwell, 387 F.3d 210, 230 (3d Cir. 2004). There is no cause to issue a certificate in this action.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHONDA DEE WALTER,** | : | Civil Action |
| | : | No. 1:09-CV-2465 |
| Petitioner | : | (Chief Judge Kane) |
| | : | |
| v. | : | |
| | : | |
| **JEFFREY BEARD, Commissioner,** | : | **THIS IS A CAPITAL CASE** |
| Pennsylvania Department of | : | |
| Corrections; **MARIROSA LAMAS,** | : | |
| Superintendent of the State | : | |
| Correctional Institution at Muncy; | : | |
| **FRANKLIN J. TENNIS,** | : | |
| Superintendent of the State | : | |
| Correctional Institution at Rockview, | : | |
| | : | |
| Respondents | : | |

**ORDER**

AND NOW, on this 17th day of November 2011, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Stay the Federal Proceedings to Permit Petitioner's Counsel to Exhaust Claims in State Court (Doc. No. 19) is **DENIED**.

2. Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 18) is **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to seek timely habeas relief once she has exhausted her state court remedies.

3. Petitioner's Motion to Amend/Correct Caption (Doc. No. 16) is deemed **MOOT**.

4. Petitioner's Motion to Exceed Page Limitation (Doc. No. 17) is deemed **MOOT**.

5. Issuance of a certificate of appealability is **DENIED**.

The Clerk of Court is directed to close the case.

s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
